08-5831-cv
Fraterrigo v. Akal Security, Inc.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-seventh day of April, two thousand and ten.

PRESENT:

ROGER J. MINER,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
RICHARD FRATERRIGO,

    *Plaintiff-Appellant,*



    v.                                                    No. 08-5831-cv

AKAL SECURITY, INC.,

    *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**       COSTANTINO FRAGALE, Law Office of Costantino Fragale, Eastchester, NY.


**FOR DEFENDANT-APPELLEE:**        MATTHEW A. STEINBERG (Clifford R. Atlas, *on the brief*), Jackson Lewis LLP, New York, NY.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Richard Fraterrigo ("plaintiff or "Fraterrigo") appeals from a summary judgment of the District Court entered October 30, 2008, in favor of plaintiff's former employer, Akal Security, Inc. ("defendant" or "Akal"). Defendant is a security company that contracts with the United States Marshals Service ("USMS") to provide security at federal courthouses. Plaintiff was employed by Akal as a Court Security Officer ("CSO") at federal courthouses in New York until June 2004, when his employment was terminated after he failed an annual hearing test mandated by the USMS. Following his termination, the filing of a discrimination charge with the United States Equal Employment Opportunity Commission, and the receipt of a "right to sue" letter, plaintiff initiated the underlying lawsuit claiming violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, N.Y. City Admin. Code § 8-107.[1]

The District Court granted summary judgment to defendant upon concluding (1) that plaintiff was not "disabled," or "regarded as" disabled by his employer, within the meaning of the ADA; and (2) that the USMS's policy requiring CSOs to pass a hearing test *without* the assistance of a hearing aid was shown to be "job-related and consistent with business necessity" within the meaning of 42 U.S.C. § 12113(a). *See Fraterrigo v. Akal Sec., Inc.*, No. 06 Civ. 9861, 2008 WL 4787548 (S.D.N.Y. Oct. 29, 2008). On appeal plaintiff maintains that both of those conclusions were error and that the District Court improperly resolved questions of material fact in favor of defendant. We assume the parties' familiarity with the remaining factual and procedural history of the case.

The ADA generally prohibits employers from adopting qualification standards that have the effect of discriminating on the basis of disability. 42 U.S.C. § 12112(b)(3)(A). However, the statute provides employers with an affirmative defense for "qualification standards, tests, or selection criteria" that have "been shown to be job-related and consistent with business necessity," provided that adequate job performance "cannot be accomplished by reasonable accommodation." *Id.* § 12113(a); *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 78 (2002) ("[T]he Act creates an affirmative defense for action under a qualification standard shown to be job-related for the provision in

---

[1] Plaintiff also asserted claims of age discrimination but later stipulated to the dismissal of those claims with prejudice.

question and consistent with business necessity." (internal quotation marks and ellipsis omitted)).

We conclude that defendant was entitled to summary judgment pursuant to the "business necessity" defense substantially for the reasons stated by the District Court in its thorough and well-reasoned opinion and order. *See Fraterrigo*, 2008 WL 4787548, at *9-13. Accordingly, we need not decide whether plaintiff was "disabled," or "regarded as" disabled by Akal, within the meaning of the ADA. *Cf. Shumway v. United Parcel Serv.*, 118 F.3d 60, 63 (2d Cir. 1997) ("It is beyond cavil that an appellate court may affirm the judgment of the district court on any ground appearing in the record.").

Finally, we think it appropriate to note one recent development. Plaintiff has brought to our attention that the USMS recently amended its medical standards to permit the use of hearing aids by CSOs during annual hearing tests. Plaintiff asks us to take judicial notice of that fact and argues that it conclusively disposes of defendant's argument that the former policy prohibiting the use of hearing aids was a "business necessity." Without knowing the reasons behind the USMS's change of policy, however, we cannot draw any relevant conclusions from it. Standing alone, the change of policy tells us nothing about whether the former policy was a business necessity at the time it was adopted and at the time plaintiff was terminated. We therefore decline to take judicial notice of the USMS's new policy. *See United States v. Bleznak*, 153 F.3d 16, 21 n.2 (2d Cir. 1998) (denying as moot a motion to take judicial notice of facts "not relevant to our disposition of this appeal").

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**. Plaintiff's motion to take judicial notice of the USMS's new policy is **DENIED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3